**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD MICHAEL GAMBOA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-01515 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DISMISSAL**

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike.") (citations omitted). Among other things, the screening provisions require a court to dismiss an action that is frivolous or malicious. El-Bey v. United States, 619 F. App'x 53, 54 (3d Cir. 2015); 28 U.S.C. § 1915(e)(2)(B)(i).

In this case, to the extent they are intelligible, the sum total of Plaintiff's substantive allegations are as follows:

> The Complaint demands that the Commonwealth of Pennsylvania "pay in full what determination was made by others in a historic case of sex abuse. Pennsylvania did in fact hide names cover up after cover up years and years of curruption *[sic]* on all levels of those whos was suppost *[sic]* to protect children." It asks that the Court "match what was offered" by the state, but which Plaintiff did not yet receive. Plaintiff asserts that he acts alone but if "you do not help me," he will "humiliate this state on all levels of humiliation and also the National American Corp." He claims to have led a seven-year investigation regarding pedophiles and now has "what will be the most shocking truth that will in fact ruin your whole government." He states that Pennsylvania lied, the "40th grand jury failed," "Att Gen Joshua Shipero *[sic]*" made an address to the public and Pennsylvania "did hide names hide sex abusers and it's all for a bigger reason."

> Plaintiff complains that his 2022 case was not heard and declares that he is a "son of God/I been attacked and been hidden and a wanna be herd *[sic]*." He asks for a sum of $311,000.00 that he claims he is owed after suffering a "lifetime of cover ups" from the school principal of Indiana County and all of Pennsylvania. He concludes by warning that "I forgive you if u help me but if not the words of God will assure ruin all you have famine will come, plaques *[sic]* will come war will come because I am a holy blood line I am a teacher a righteous guided one De Mahdi and the 2wholes world is watching *[sic]*."

Compl. (Doc. 3).[1] The Complaint attaches two unauthenticated "documents" as exhibits, one of which purports to be the first page of a claim determination and release packet from the Boy Scouts of America; and the second of which is labeled "page 5 of 24" of a "scouting settlement trust" and contains information alleging sexual abuse of Plaintiff while he was a boy scout in the 1990s. *See* Docs. 3-1, 3-2. Neither document is complete, and both are riddled with typographical and/or formatting errors. Nothing in the documents helps the Court discern a legally cognizable cause of action.[2]

Frivolity is "a category encompassing allegations that are fanciful, fantastic and delusional." El-Bey, 619 F. App'x at 54 (internal quotations and ellipses omitted). A complaint may be dismissed as such "when the facts alleged rise to the level of the irrational or the wholly incredible." Id. As the Court believes is self-evident, Plaintiff's allegations fall within this category. Thus, Plaintiff's action is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

---

[1] This is Plaintiff's third *pro se* IFP lawsuit filed before the undersigned. *See* Case Nos. 2:22-cv-01373 & 2:22-cv-01580. Both prior cases also were dismissed on frivolity grounds. *See* id.

[2] Plaintiff's Civil Cover Sheet lists Section 1983 and the Americans with Disabilities Act as the statutes under which he is filing. *See* Doc. 1-4. Even if Plaintiff's pleading could survive a frivolity analysis, it fails to state a plausible claim under either Section 1983 or the ADA, and, thus, is subject to dismissal on that basis as well. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order of Dismissal would not be taken in good faith.

IT IS SO ORDERED.

October 7, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via First-Class U.S. Mail):

EDWARD M. GAMBOA, JR.
3212 44th Street
New Brighton, PA